IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,267




EX PARTE MARVIN WHINERY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 23,562 IN THE 217TH DISTRICT COURT
FROM ANGELINA COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child (count two) and sentenced to thirty years’ imprisonment, and
three counts of indecency with a child and sentenced to twenty years’ imprisonment on count one
and fifteen years’ imprisonment on both counts three and four. The Ninth Court of Appeals affirmed
his conviction. Whinery v. State, No. 09-04-0086-CR (Tex. App.–Beaumont, delivered February 2,
2005).  
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and that he had a right to file
a pro se petition for discretionary review. We remanded this application to the trial court for
findings of fact and conclusions of law.
            Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that appellate counsel failed to timely notify
Applicant that his conviction had been affirmed. The trial court recommends that relief be granted. 
Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is
entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of
the Ninth Court of Appeals in Cause No. 09-04-0086-CR that affirmed his conviction in Case No.
23,562 from the 217th Judicial District Court of Angelina County. Applicant shall file his petition
for discretionary review with the Ninth Court of Appeals within 30 days of the date on which this
Court’s mandate issues.
            Applicant’s remaining claims are dismissed. Ex Parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).
 
Delivered: December 16, 2009
Do not publish